UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GLEN CUNNINGHAM and NICOLE GREGORY | Case No. 6:21-cv-00264-MK |
| Plaintiffs, | **OPINION AND ORDER** |
| vs. | |
| STATE FARM FIRE AND CASUALTY COMPANY | |
| Defendant | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiffs Glen Cunningham and Nicole Gregory bring this action alleging claims arising from an insurance policy dispute with Defendant State Farm Fire and Casualty Company ("State Farm"). Compl., ECF No. 1. State Farm moved for summary judgment. Def.'s Mot. Summ. J., ECF No. 25 ("Def.'s Mot."). Plaintiffs opposed that motion. Pls.' Response, ECF No. 35. All Parties consented to jurisdiction by a U.S. Magistrate Judge. ECF No. 42. For the following reasons, the Court GRANTS in part and DENIES in part State Farm's motion for summary judgment.

## BACKGROUND

Plaintiffs reside in Oregon. Compl. ¶ 2, ECF No. 1. Their property includes a dwelling with wooden decks, a shed, a loafing shed, a horse arena, a greenhouse, and a carport. Plummer Decl. 1–2, ECF No. 27. On March 8, 2019, a snowstorm caused damage to Plaintiffs' dwelling

and dwelling extensions. *Id.* at 2. Plaintiffs initiated an insurance claim with the Defendant, their insurance provider, State Farm. Compl. ¶ 11. State Farm accepted the claim. *Id.* Plaintiffs' policy provides separate coverage limits for a dwelling and dwelling extensions. Plummer Decl. Ex. 101, ECF No. 27 (the "Policy"). Plaintiffs concede that State farm paid the policy limit for the dwelling extensions. Pls.' Response 3, ECF No. 35. State Farm's payments for the dwelling extensions are not in dispute. *Id.* at 12.

Initially, Plaintiffs hired a contractor to make repairs and replacements to the dwelling and dwelling extensions. Plummer Decl. Ex. 106, ECF No. 27. The contractor also subcontracted some of the work to other companies. *Id.* The contractor and subcontractors performed faulty repairs. *Id.* Plaintiffs filed a lawsuit against the contractor and one of its subcontractors for "faulty workmanship, faulty repairs, inadequate supervision, improper coordination, improper or defective materials, failure to properly inspect, improper design, inadequate materials, and/ or noncompliance with applicable building codes." *Id.* This case has since been settled and is not part of this litigation. Pls.' Response 3, ECF No. 35.

Plaintiffs and State Farm disagreed about the value of Plaintiffs' property damage claim. Plummer Decl. 3, ECF No. 27. Plaintiffs' policy contained a provision which stated:

> "Appraisal. If you and we fail to agree on the amount of loss, both parties may agree to an appraisal of the loss and to be bound by the results of that appraisal. If both parties so agree, then each shall select a competent, disinterested appraiser. . . . The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire . . . either may ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us."

The Policy 17, ECF No. 27. Pursuant to that provision, Plaintiffs requested an appraisal. Plummer Decl. Ex. 102, ECF No. 27. State Farm agreed to participate in the appraisal process. *Id.* at Ex. 103. Plaintiffs and State Farm chose their appraisers. Plummer Decl. Ex. 4, ECF No. 27 ("Appraisal Award"). Those appraisers agreed upon an "Umpire." *Id.* The appraisers reached agreement and valued the loss as follows:

|  | Replacement Cost Value | Actual Cash Value |
| --- | --- | --- |
| Repairs to dwelling | $317,609.68 | $233,881.82 |
| Dwelling extension | $183,911.39 | $135,428.90 |

*Id.* (cleaned up; formatted table). The actual cash value is the "value of the damaged part of the property at the time of loss, calculated as the estimated cost to repair or replace such property, less a deduction to account for pre-loss depreciation." The Policy 20, ECF No. 27. The appraisers did not consider coverage when making their appraisal. Appraisal Award 1, ECF No. 27. However, the appraisers certified that they awarded the "values as shown . . . for the property on the date of loss of the 8th day of March, 2019." *Id.*

After the appraisers completed their duty, State Farm conducted an analysis of what damages were covered under the policy because "the appraisal process [did] not address any policy coverages or conditions." Plummer Decl. Ex. 105, ECF No. 27 ("Coverage Letter"). State Farm hired a "project estimator" from a general contractor company to evaluate whether the Policy covered the loss. Allen Decl. 1–2, ECF No. 47. The project estimator concluded that faulty workmanship, rot, mold, fungus, or wear and tear caused some of the damage to the master bedroom and exterior siding. *Id.* at 3–4.

State Farm informed Plaintiffs by letter of the damages not covered by the Policy and explained the denial of coverage. Coverage Letter 1, ECF No. 27. State Farm denied coverage

for the same reasons provided by the project estimator. *Id.* Accounting for the reduction of policy deductibles, State Farm paid $263,115.53 for the losses to the dwelling and the dwelling extension. Compl. ¶ 20, ECF No. 1. Plaintiffs assert that State Farm failed to provide full payment for damage to the dwelling caused by the covered loss.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Plaintiffs assert three claims for relief. First, Plaintiffs assert a breach of contract claim alleging that State Farm failed to pay the appraisal award. Compl. ¶¶ 15–28, ECF No. 1. Second,

Plaintiffs assert that State Farm breached the duty of good faith and fair dealing. *Id.* at 29–31. Finally, Plaintiffs assert, alternatively, that State Farm failed to pay the full amount owed prior to the appraisal. *Id.* at 32–36. State Farm moves for summary judgment on all three claims. Def.'s Mot., ECF No. 25. The Court addresses those arguments in turn.

**I.    Breach of Contract**

State Farm argues that it permissibly and correctly denied Plaintiffs' loss not covered under the Policy. *Id.* at 10. Accordingly, State Farm asserts that it did not breach the terms of the Policy. In making that argument, State Farm contends that either the appraisers did not make factual findings regarding causation, or alternatively, the appraisers were not entitled to make factual findings on causation. Def.'s Reply, 10–13, ECF No. 45. Furthermore, State Farm contends that it is for a court, not an appraiser, to determine whether damages are covered under the policy. Def.'s Mot. 10–11, ECF No. 25. Plaintiffs concede that coverage is determined by a court; however, Plaintiffs respond that a question of material fact exists on whether the disputed damage is covered. Pls.' Response 2, 6–10, ECF No. 35. The Court agrees with Plaintiffs that a genuine issue of material fact exists.

**A.    Coverage**

The parties do not dispute State Farm covers accidental damage to the property, like the snowstorm, unless an exception applies. The policy states that State Farm "insure[s] for accidental direct physical loss to the property . . . except as provided in SECTION I – LOSSES NOT INSURED." Policy 31, ECF No. 27. Section I provides that the policy does not cover "any loss to the property described . . . caused by, one or more of the perils listed." *Id.* at 33. As relevant here, the Policy excludes coverage for rot, fungus, and faulty workmanship. *Id.* at 34–35.

B.      Analysis of Material Facts

Viewing the facts in the light most favorable to the non-moving party a genuine issue of material fact exists as to whether the policy covered the disputed damage. A material fact is one that may affect the outcome of the case under the applicable law. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party." *Id.*

Here, the following evidence supports a conclusion that the disputed damages were covered. First, Plaintiffs' appraiser stated that the appraisers only "appraised the value of damage to the loss caused by the snow and ice event that occurred on March 8, 2019." Barker Decl. 2, ECF No. 38. The appraiser also stated that the "appraisal award did not include inadequate workmanship performed by contractors on the property subsequent to the snow and ice event. Nor did it include subsequent damages to the property that may have occurred as a result of any contractor faulty workmanship." *Id.* at 1. The appraiser's "practice is to appraise the value of one loss, and only one loss, at a time per appraiser." *Id.* at 2. When considering estimates for repairs on Plaintiffs' property, the appraisers "only considered those estimates as they related to the loss on March 8, 2019." *Id.* In support of that appraiser's assertion, the Appraisal Award certified that the appraisers "truly and conscientiously performed the duties assigned to [them], and have appraised and determined and do hereby award the values as shown . . . for [Plaintiffs'] property on the date of loss of the 8th day of March, 2019." Appraisal Award 4, ECF No. 27.

Second, a public adjustor, who prepared two estimates—one estimate for the March 8 snowstorm and one after the faulty contractor work—concluded that "[n]o subsequent damage [occurred] to the house after March 8, 2019" other than "some deck and drywall removal for inspection purposes." Blagg Decl. 1–2, ECF No. 38. In making that conclusion, the public

adjustor compared photos from before and after the faulty work and relied on conversations with the contractor who performed the faulty repairs and the homeowners. *Id.* The public adjustor concluded that the only work that the contractors, who provided the faulty workmanship, conducted was removing the deck on both sides of the house, removing some debris, and placing tarps on open areas of the house. *Id.* at 2.

From that evidence, a reasonable trier of fact could conclude that the snowstorm caused the disputed damage, rather than caused by an excluded condition like faulty workmanship, rot, and fungus.

### C. Whether Appraisers are Entitled to Causation Findings

Alternatively, State Farm argues that appraisers are not entitled to make causation findings. State Farm provides several cases in support of its position that an appraiser is not entitled to make factual findings. However, those cases are not relevant to this Court's conclusion. *See e.g. Walnut Creek Townhome Assoc. v. Depositors Ins. Co.*, 913 N.W.2d 80 (Iowa Sup. Ct 2018) (discussing judicial review of appraisal awards at length). Those cases concern whether a court is *bound* by an appraiser's causation findings. That is not the question here. Instead, the question is whether their remains a genuine issue of material fact. The Court concludes that the record is sufficient to survive summary judgment. The appraisers' declarations on causation are relevant evidence.

## II. Breach of Good Faith and Fair Dealing

Plaintiffs allege that State Farm breached the duty of good faith and fair dealings by

a. Failing to acknowledge and act promptly upon communications relating to claims;
b. Refusing to pay claims after conducting a reasonable investigation within a reasonable amount of time based on all available information;
c. Not attempting, in good faith, to settle claims promptly and equitably in which liability has become reasonably clear;

> d. Compelling claimants to initiate litigation to recover amounts due by paying or offering substantially less than amounts ultimately recovered in actions brought by such claimants;
>
> e. Attempting to delay settlement of claims, or underpaying claims after time for a reasonable investigation has expired, for less than the amount of money or time to which a reasonable person would believe a reasonable person was entitled after referring to written or printed advertising material accompanying or made part of an application[.]

Compl. ¶ 31, ECF No. 1. State Farm contends that it permissibly denied Plaintiffs' coverage. Def.'s Mot. 16–17, ECF No. 25. The Court rejects that argument for the reasons stated above. However, State Farm argues alternatively that there is no genuine issue of material fact as to the existence of a breach of good faith and fair dealing. In making that argument, State Farm asserts that it acted in a timely manner and paid damages covered under the policy. The Court agrees.

### A. Legal Standard

A federal court, sitting in diversity, applies state law to interpret an insurance policy. *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008). Under Oregon law, Plaintiffs can pursue a claim for breach of the duty of good faith and fair dealing that is independent from Plaintiffs' claim for breach of the express terms of the Policy. *See Klamath Off-Project Water Users, Inc. v. Pacificorp*, 237 Or. App. 434, 445 (2010). The duty of good faith and fair dealing "serves to effectuate the objectively reasonable expectations of the parties," *Hampton Tree Farms, Inc. v. Jewett*, 320 Or. 599, 615 (1995), and bars "improper behavior in the performance and enforcement of contracts . . . to ensure that the parties will refrain from any act that would have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Klamath Off-Project Water Users*, 237 Or. App. at 445 (quoting *Iron Horse Eng'g v. Nw. Rubber*, 193 Or. App. 402 (2004)). However, the duty of good faith and fair dealing "'cannot contradict an express contractual term, nor otherwise provide a remedy for an unpleasantly motivated act that is expressly permitted by the contract.'"

*Id.* (quoting *Zygar v. Johnson*, 169 Or. App. 638, 645 (2000)). Because the duty of good faith and fair dealing cannot contradict an express contractual term, it "'may be implied as to a disputed issue *only* if the parties have not agreed to an express term that governs that issue.'" *Arnett v. Bank of Am., N.A.*, 874 F. Supp. 2d 1021, 1033 (D. Or. 2012) (quoting *Or. Univ. Sys. v. Or. Pub. Emp. Union*, 185 Or. App. 506, 511 (2002)) (emphasis in *Arnett*).

    **B.**    **Whether State Farm Violated the Duty of Good Faith and Fair Dealings**

        1.    Timely Communication

The Court concludes that State Farm acted in a timely manner. The damage to the property occurred in March 2019. Three months later, State Farm paid 182,063.10 to Plaintiffs. Taylor Decl. Ex. 1, ECF No. 36. During that time, the parties communicated within timely parameters of good faith and fair dealing under the circumstances. For example, on March 26, 2020, State Farm disputed coverage. On April 20, 2020, Plaintiffs demanded appraisal. Plummer Decl. Ex. 102, ECF No. 27. State Farm responded on May 7, 2020, with an appraiser. *Id.* at Ex. 103. As a matter of law, none of those communications are untimely.

        2.    Paid Covered Loss under the Policy

At the core of the remaining issue, Plaintiffs seek a remedy for an act that State Farm was permitted to do under the express terms of the contract. That is, deny s loss it believes is not covered. *See Nari Suda LLC v. Or. Mut. Ins. Co.*, 558 F.Supp.3d 1017, 1035 (D. Or. 2021) ("Each of the breaches identified by [the] Plaintiffs seeks a remedy for an act that [the] Defendant was permitted to do under the express terms of the contract—that is, deny Plaintiffs' insurance claim."). The duty "does not operate in a vacuum[,]" rather it "focuses on the 'agreed common purpose' and the 'justified expectations' of the parties, both of which are intimately related to the parties' manifestation of their purposes and expectations in the express provisions

of the contract." *Or. Univ. Sys.*, 185 Or. App. At 515–16. The common-law implied duty of good faith and fair dealing serves to effectuate the objectively reasonable expectations of the parties." *Klamath Off-Project Water Users*, 237 Or. App. at 445.

Here, the policy allows State Farm to deny a loss it believes is not covered under the Policy if an exception applies. Policy 33, ECF No. 27. State Farm hired a project estimator with a general contractor company to inspect the house. Allen Decl. 1, ECF No. 47. That inspection provided evidence to conclude that the policy did not cover the disputed damage. Plaintiffs do not respond with any arguments to support their contention that State Farm acted contrary to their duty of good faith and fair dealing. "Given that a claim for breach of contract and a claim for breach of the duty of good faith and fair dealing are distinct and that, in cases where both claims are alleged, each may survive the dismissal of the other," *LRY, LLC v. Lake Cnty.*, Civ. No. 1:17-cv-00675-MC 2021 WL 4993480 at *15 (D. Or. Oct. 27, 2021), the Court grants summary judgment in favor of Defendant as to Plaintiff's second claim for relief.

### III. Failure to Pay the Full Amount Prior to the Appraisal

In Plaintiffs' third claim for relief, they seek the amount of damages estimated by a public adjustor that they hired prior to Plaintiffs' request for an appraisal. Compl. ¶¶ 32–35, ECF No. 1. State Farm contends that the appraisal is binding. Plaintiffs concede. Pls.' Response 15, ECF No. 35. The Court grants the uncontested motion on Plaintiffs' third claim for relief.

//
//
//
//
//

## CONCLUSION

For the reasons above, the Court GRANTS State Farm's motion for summary judgment (ECF No. 25) as to claims two and three and DENIES it as to claim one.

DATED this 27th day of December 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
